IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RONALD K. JONES, II, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:12-cv-1098 |
| PAMELA HAYES, CCA/METRO, | ) Judge Sharp |
| Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff Ronald K. Jones, II, an inmate detained at the Metro-Davidson County Detention Facility ("Detention Facilit, operated by CCA, in Nashville, Tennessee, filed this action under 42 U.S.C. § 1983 alleging violations of his constitutional rights. Because the plaintiff proceeds *in forma pauperis*, the complaint is before the court for initial review pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *reversed on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

**I.    FACTUAL ALLEGATIONS**

The plaintiff states that Pamela Hayes, a case manager at the Detention Facility, has harassed him personally and repeatedly by searching, confiscating and destroying his personal property on numerous occasions. The confiscated materials include items issued to the plaintiff by the Facility as well items he brought with him to the Facility. The items at issue include Bible study and reference materials, medications, personal artwork, postage-prepaid envelopes, hygiene effects purchased from the Detention Facility commissary, and school diplomas and certificates. The plaintiff avers that the reasons given for the defendant's actions were false and fabricated, and that the true reason the defendant targeted the plaintiff was in retaliation for his having filed previous grievances against her.

**II.    STANDARD OF REVIEW**

Under the Prison Litigation Reform Act, the Court is required to conduct an initial screening of a prisoner's civil complaint if, as in this case, it seeks redress from a governmental entity, official or

employee, 28 U.S.C. § 1915A, or if it is filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2). After the initial screening, the Court must *sua sponte* dismiss the complaint or any portion thereof if it is determined to be frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief from a defendant immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); 28 U.S.C. § 1915(e)(2). The Court must construe a *pro se* plaintiff's complaint liberally, *Boag v. McDougall*, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The plaintiff here seeks to state claims under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Both parts of this two-part test must be satisfied to support a claim under § 1983. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### III.     LEGAL CONCLUSIONS

In his complaint, the plaintiff names as defendants Pamela Hayes and "CCA/Metro," which the Court construes to mean either CCA, the Metropolitan Government of Nashville and Davidson County ("Metro Nashville"), or the actual Detention Facility itself, which is operated by CCA.

For purposes of the PLRA screening requirement, the plaintiff has adequately alleged facts that state a colorable claim under § 1983 for First Amendment retaliation against defendant Hayes. A prisoner retains First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system. *See Pell v. Procunier*, 417 U.S. 817, 822 (1974). Retaliation based upon a prisoner's exercise of his constitutional rights violates the Constitution. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). To establish a First Amendment retaliation claim, the plaintiff must prove that: (1) the plaintiff engaged in activities protected by the Constitution or statute; (2) the defendant took an adverse action that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) that this adverse action was taken at least in part because of the exercise of the protected conduct. *Id.* The plaintiff here alleges that (1) he engaged in activities

protected by the First Amendment by filing grievances against Hayes; (2) Hayes took action against him by destroying or confiscation important and irreplaceable documents and artwork; and (3) the action was taken at least in part because of the plaintiff's having filed prior grievances against Hayes. The Court expresses no opinion as to the ultimate merits of the plaintiff's claim against Hayes, but finds at this stage that the allegations in the complaint are sufficient to permit the claim to proceed.

The complaint, however, fails to state a claim under § 1983 against CCA, Metro Nashville, or the Detention Facility. The complaint fails to state a claim against the Detention Facility because it is a building, not a "person" subject to liability under § 1983. *See Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (county jail is a department of the county and not a legal entity susceptible to suit); *Travis v. Clinton County Jail*, No. 1:10-cv-1276, 2011 WL 447000, at *2 (W.D. Mich. Feb. 4, 2011) ("The jail is a building, not an entity capable of being sued in its own right."). To the extent the claim may be construed as asserted against CCA or Metro Nashville as Hayes' employer, the claim is subject to dismissal because *respondeat superior* liability is not available under § 1983. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Neither a private entity like CCA nor a municipality like Metro Nashville can be held responsible for an alleged constitutional deprivation unless there is a direct causal link between a company- or city-wide policy or custom and the alleged constitutional violation. *Id.* at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the [employer] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363–64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The plaintiff has not alleged that Hayes acted in accordance with CCA or Metro Nashville policy or custom. Accordingly, the claims against CCA/Metro, however construed, must be dismissed.

An appropriate order is filed herewith.

Kevin H. Sharp
United States District Judge